KIM BLANDINO PECULIAR PRO SE #363075
CCDC In Custody House Arrest Module
C/O 441 N 16th St and
330 S Casino Center Blvd.
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR - 4 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

## US DISTRICT COURT NEVADA
## DISTRICT OF NEVADA

**Kim Blandino**

2:22-cv-00562-GMN-EJY

                    Plaintiff,

-vs

**Las Vegas Metropolitan Police Department**,
a political subdivision of the State of Nevada;

**Joseph Lombardo**, individually and
As a policymaker of the Las Vegas
Metropolitan Police Department; and

**Does 1 through 10** individually and in
Their official capacities as police officers and/or
Policymakers for the Las Vegas Metropolitan
Police Department

                    Defendants.

_____/

## EMERGENCY VERIFIED COMPLAINT FOR DECLARATORY AND

1

**INJUNCTIVE  RELIEF AND FOR COMPENSATORY AND PUNITIVE**

**DAMAGES**

**JURY TRIAL DEMANDED**

**COMES  NOW**   Plaintiff, Kim Blandino ("Kim") individually and in his capacity as an established religion guaranteed under the establishment clause of First Amendment to the U.S. Constitution as well as a member of the free press, and petitioner for redress of grievances and a peaceable  assembler and a religious practitioner all under the same first amendment appearing as a peculiar pro se  in accord with Deuteronomy 14:2 KJV. That Kim complains against Defendants Las Vegas Metropolitan Police Department, Joseph Lombardo and Does 1-10 (collectively, "Defendants") and each of them jointly and severally, based upon knowledge, information, and reasonable belief therefrom, allege, complain and state under penalty of perjury as follows:

## INTRODUCTION

1.        This  is a civil rights action pursuant to the various Amendments to the U.S. Constitution and 42 U.S.C. sections 1983 Plaintiff alleges the defendants violated Kim's rights continuously under color of law for decades in a continuing course of conduct and has failed in every way to correct or put in place policies and procedures that would correct these violations and has caused Kim injury and

damages. Kim now sues for redress having been unable to resolve matters between Kim  and defendants without having to  involve a court and thus using scarce judicial resources.

Because Kim is in a house arrest module Kim at any time can be moved without any judicial review whatsoever to a CCDC module that is inside the physical plant at 330 S. Casino Center Blvd or at any module at North Valley Complex ("NVC") at 4900 N. Sloan Ln, Las Vegas Nevada 89115 or at any place of physical confinement that Joseph Lombardo ("Lombardo") or any of his underlings direct at **ANYTIME** and for **ANY REASON**  Kim may be returned to the CCDC.

Therefore, Kim is at greater danger of arrest than a non in custody person. Because Kim will not have ***Riverside v. Mclaughlin*** 111 S.Ct. 1661 to rely on. That Kim has already been returned without just cause four times with retaliation and held for many days on end on concrete floors and no toothbrush having been given multiple meals.

Kim therefore needs immediate relief with declaratory judgment and an immediate restraining order and long  term injunctive relief.

## JURISDICTION AND VENUE

2. This civil rights action raises federal questions under God or the Creator that are acknowledged in the U.S. Constitution, specifically under the First, Ninth , Tenth and Fourteenth Amendments and under federal law, 42 U.S.C.

Sec 1983 . And this court needs to take judicial notice that the criminal law

is impacted, 18 U.S.C. 241 242 and that Kim and other similarly situated

people are being criminally hurt and 18 USC Sec 3771 is in play. That while

18 U.S.C. Sec 3771 does not create a cause of action for damages nothing in

the Code prohibits declaratory or injunctive relief under this provision.

This Court has subject matter jurisdiction under 28 U.S. C. Sec 1331 and Sec 1343

and 28 U.S.C. Sec 1367

3. This Court has the authority to grant the requested declaratory relief under
   28 U.S.C. Sec. 2201 and 2202 any requested injunctive relief under 28
   U.S.C. Sec 1343 and costs under 42 U.S.C. Sec. 1988. And if the court
   forces counsel on Kim who at present proceeds pro se or Kim is allowed to
   have licensed co-counsel then Kim is entitled attorney's fees under Sec
   1988.

4. Venue is proper in this Court under 28 U.S.C. Sec. 1391(b) because a
   substantial part of the events or omissions giving rise to claims occurred in
   this District and Plaintiff is in custody in this district and forbidden from
   leaving Clark County.

## **PARTIES**

5.    Kim Blandino is a 66 year-old man in a descendancy  from the first created

4

man, Adam and what came to be his wife, Eve who was created from Adam's genetic material (neither had belly buttons and bodies were different than human beings today). Eve was created as helpmate and only became wife after the fall . Only then was children possible See Book of Mormon 2nd Nephi 2 22-23. Yet, when the great flood came all men were destroyed save Noah a direct descendant of Adam, Noah's wife and their three sons and their wives. Being a total of eight leaving the ark. Therefore, Kim is descendant from two created beings that fell from perfection. These were Created by the Creator of all things. See Genesis 2-10 of the Bible KJV.

Kim is currently in custody in Clark County by the Clark County Detention Center ("CCDC") with a house arrest module under Lombardo as a post verdict detainee and cannot leave Clark County under threat of immediate arrest and greater punishment. That Kim was a pre trial and pre verdict detainee continuously from May 21, 2019 through March 9, 2022 of LVMPD by way of a GPS ankle bracelet monitoring device which device is part of the physical plant of CCDC yet worn around Kim's ankle.

Kim is a believer in the Creator of all things and took a wife ("Nancy") and had two children in 1991. This was intended to be its own religious society. Yet, by way of State action Nancy separated from Kim and Kim was denied raising his children for months and years on end in accord to Kim's religious beliefs and

practices. Kim's two sons now are grown yet not married and have gained respect for Kim's religious beliefs and practices even as the world around us becomes more and more insane and delusional.

Kim has hope that both Kim's sons will establish a great relationship with the Creator who is the father of all things. Kim in a spiritual sense is, as all earthly parents are, a foster parent. That the Creator is intended to be a father to us all. Although many choose to call Lucifer their father, either overtly or covertly.

Still, even though Kim's adult children are themselves adults. Kim must stand as a good example against tyranny to them or Kim could cause his children to stumble. Kim is also required to speak and write as the holy spirit would have Kim speak and write.

Kim therefore is a religious entity that is indivisible and established by the Creator. That therefore Kim comes under the Establishment Clause of the First Amendment to the U.S. Constitution protections. As part of the Creator's calling to Kim, does do some investigative journalism and Kim has been called to investigate judicial corruption and misconduct as an unpaid, volunteer [which means unofficial] investigator working with[or for] the Nevada Commission on Judicial Discipline ("NCJD") and Kim is in truth and in fact an unpaid, volunteer [which means unofficial] investigator working with[or for] the Nevada Commission on Judicial Discipline ("NCJD").

That Kim recognizes that fireman, policeman, and paramedics among others are referred to as "first responders". That Kim is an **immediate responder** as part of his religious beliefs and practices and calling by his Creator. Such that if Kim sees a fire Kim will do all he can to help. If Kim sees certain crimes in progress, Kim will make a citizen's arrest if possible. If Kim sees a medical problem such as a choking or a heart attack Kim will do a Heimlich maneuver  or CPR respectively or whatever is needed at that immediate time and without delay (unless someone else gets there first of course) That this immediate responder  status and other items above are an extension of Kim's religious beliefs and practices which is not unlike other religious organizations such as Catholics and Lutherans and Methodist that establish hospitals and such and even the Jehovah's witnesses have been successful in helping created Bloodless Medicine Centers within hospitals.

That no Judiciary, Legislative branch or Executive branch can legally or constitutionally violate Kim's religious establishment   just because Kim is a religious establishment of one corporeal being distinct from other humans or corporeal beings or from different religious organizations made up  of many human beings. That this Establishment does not negate the ability or power or right of Kim to fellowship with other religious establishments to congregate, assemble or to defend against foreign and domestic enemies to the U.S. Constitution and against enemies of the Creator and his son Jesus.  Kim sues in his individual

7

capacity and as an established religion under the first amendment to the U.S. Constitution.

6. Defendant Las Vegas Metropolitan Police Department("LVMPD") is a political subdivision of the State of Nevada and employs Defendants Lombardo and the Doe Defendants.

7. Defendant Sheriff Lombardo was and still is the Sheriff of LVMPD. Defendant Lombardo is also an adult resident and domiciliary of this State and District. As Sheriff Defendant is a policymaking official for LVMPD with the power to make official and final policy. That the office of Sheriff is an elective office. This Complaint brings causes of action against Defendant Lombardo in both his individual and official capacities.

Lombardo joined LVMPD in 1998 and thus has vast knowledge of LVMPD and the policies and procedures over the decades. That Lombardo has seen and observed instances of violations of civil rights by employees of LVMPD over the decades. That Lombardo is currently running for the office of Governor of Nevada.

## FACTS

8.  That Kim was first remanded into the custody of then sheriff John McCarthy in 1979 (for a 24 hour sentence)  and this is where Kim's numeral 363075 was generated. That LVMPD has the policy, practice, and custom through these decades of using an inmates originally generated numeral to be reused when said individual

is reincarcerated either on new charges or for any other reason.

That Kim was again in LVMPD custody in the CCDC with then sheriff John Moran on or about 1986 for approximately (10) ten days.

That Kim was again in custody of CCDC in 1993 and again in 1994 at various times again under the control of then sheriff John Moran.

That Kim again was in custody of CCDC in 1995 under the control of Sheriff Jerry Keller.

That a continuing course of conduct and pattern of the violations of Kim's civil rights by Lombardo and LVMPD under color of law has continued to this day and specifically as to Lombardo and LVMPD and the Doe defendants from May 21 to the very date of this writing April 4, 2022 as related in this complaint

9. That during all of the above incarcerations and in custody situations above Kim made repeated complaints about civil rights violations to no avail in Kim's situations. Among these were; a. being made to sleep on concrete floors with no mattress for up to 72 hours in "booking cells" due to alleged overcrowding.

b. That in these "booking cells" Kim was given meals yet denied a toothbrush to maintain Kim's increasingly aging teeth. That while the Creator created a process for regeneration and regrowth of skin. The Creator has not created a process for regeneration of human teeth that maintenance of teeth is required. That locked in a cell and at the total "mercy of officers" there was no opportunity for Kim to have

access to required teeth brushing materials and Kim's teeth and Kim's health has deteriorated as a proximate cause of these deprivations over decades. That thankfully Kim has most all of his natural teeth although many have holes in them in part due to the above deprivations. That Kim was raised to brush his teeth in the morning and before bed at the least and has maintained this to date except for those times when Kim has been in the concrete floors and denied a tooth brush.

c. That even though Kim demanded access to writing materials and mailing for Kim was denied access to said materials in these booking cells save for one instance when Kim's demand was met and Kim was given a felt tip "sharpie" type marker and paper in the "Z cells" when the single tower of CCDC only was in existence. Thus proving that it was possible. Yet in subsequent incarcerations were imposed upon Kim, Kim upon demand for the same treatment was denied these necessary legal materials in violation of Kim's civil rights and meaningful access to the courts.

d. That Kim in retaliation for asserting his rights was retaliated against and wrongfully put into solitary confinement stripped down and with no clothes and with no sheets or blanket in CCDC in these past decades.

10. That there has been a continuing course of conduct against Kim and other inmates of CCDC and/or the various sheriffs of Clark County. That this court can take judicial notice that hundreds of lawsuits have been filed against LVMPD and

the various sheriffs through the decades and  over the decades and that substantial out of court settlements have been made that resulted in dismissals of those complaints for violation of civil rights.

11. That rather than take true corrective action such as vigorous training and updated policies including zero tolerance policies for violations of civil rights LVMPD and Lombardo have made the deliberate calculation that lawsuits and settlements after the fact are a "cost of doing business". That defendants Lombardo and LVMPD have thus no incentive to minimize and/or eliminate civil rights violations.

12. That on May 21, 2019 Kim was arrested on an arrest warrant issued on May 20, 2019 from the Las Vegas justice court Department 14 and taken to CCDC by and LVMPD officer. That a hearing was scheduled within the time required by **_County of Riverside v. McLaughlin_**, 500 U.S. 44 (1991) for May 22, 2019.

13. That once again Kim after decades on and off of retaliation by various sherilffs and employees of LVMPD and CCDC  was wrongfully retaliated against when Kim objected when an officer tried to force Kim to stick a DNA "collector" into Kim's mouth without Kim being able to see said employee pull said "collector" out of a package. Kim therefore was suspicious of whether toe collector stick was sanitary and/or unpolluted. Kim asked for a replacement stick with the correct protocols being used. Instead Kim was stripped of clothes, put in a super cold

punishment cell and given "single use" Styrofoam dinner plates instead of the usual plastic washable multi use tray. Kim was subsequently marked maliciously and willfully as "refused to come to court" and was thus not taken to court on the May 22, 2019 date and was not taken until May 24, 2019. That Kim never refuses to go to court and Kim always wishes to speak to judges since they" sit in the seat of Moses" which is part of Kim's religious practice. Kim never declines to speak to any judge anywhere and at any time.

That Kim was denied his legal mailing between the May 21 and May 23 that Kim had his legal mail destroyed by an LVMPD employee against Kim's will and over his objections that was directed to the federal court. Said employee laughed and refused to call a supervisor to address Kim's grievance.

14. That as a result of the foregoing events Kim did not appear in an initial appearance before a judge until May 24, 2019 and as a result Kim was released from CCDC on bail and GPS ankle bracelet (2) two days later than Kim would have been released. That the defendants refused to transport Kim to a hearing in the City of Las Vegas Municipal court nor to even inform said court that they had Kim restrained of his liberty know a warrant would be issued and thereby jeopardizing Kim's house arrest release.

15. That Kim was released pre trial on a criminal complaint charging Extortion to 3,000 bail and GPS house arrest High Level under state law which is actually

punishment under NRS 211.300 and allows a judge to subject one to punishment as though one were a convicted person.

16. That Kim throughout this latest custody by the defendants from May 21 though this writing on April 4, 2022. has been subjected to refusal to process Kim's legal mail and Kim has been retaliated against for Kim exercising Kim's first amendment rights that this has proximately caused injury and damages to Kim and to his rights.

17. That Kim needs declaratory and injunctive to protect Kim going forward against any further retaliation and protection of Kim's rights.

18.  That due to the fact that Kim is now in post verdict status Kim's health safety and rights are in even greater danger as Kim has been returned to high level monitoring on March 9, 2022 after a verdict against Kim. after Kim was by order of Judge Linda Bell on April 3, 2020 was adjudicated down to medium level non punishment GPS house arrest . Kim was released to this medium level on April 5 2020 and on this level almost uninterrupted (except for a two week period to see Kim's son Andrew receive his P.Hd in Davis California.

19. That Kim between May 21, 2019 and July 2019 Kim was returned to CCDC physical plant by the defendants without any prior judicial review and without any warrant whatsoever as the internal modules or cells appear not to be considered any differently that the house arrest module ankle bracelet and especially so since

Kim is now again on high level or punishment house arrest. Kim is subject to even more possibility of retaliation.

20. That while on high level punishment GPS Kim is denied his religious practice that requires Kim to live move and have his being according to faith in each moment. That Kim was specifically denied this in the 2019 period above because Kim is not a member of a "mainstream religious group" such as Catholic, Protestant or even Jehovah's Witness.

21.      That Kim was moved by his Creator to go out to dinner and an activity with Kim's two adult sons and on a separate occasion to take out Evelyn Pendergraft ("Evelyn"), Kim's now 96 year old housemate on an important religious excursion. Yet Kim was denied both of these by Kim's house arrest officer Daniel Webb and Danial Webb's supervisor.

22. That with high level monitoring Kim has a curfew between 6 p.m. and 6 a.m. PST that does not allow for Kim's established religion and Kim's religious practices. That Kim's religious practice requires that Kim be allowed to move by faith and that everything that is not of faith is sin. Even in what a man eats or does not eat  See Romans 14: 23" [23] And he that doubteth is damned if he eat, because he eateth not of faith: for whatsoever is not of faith is sin." . That the famous Jonah was punished because he refused to go as the Creator commanded. See Jonah 1 and Jonah 2 and Jonah 3 and Jonah 4. Kim is commanded by the Creator not to be any

less than Jonah and to do as the Creator commands at all times. Should Kim not be able to take Evelyn out on excursions as part of Kim's religious practice Kim will suffer irreparable injury There is no rational basis for the defendants to allow mainstream religious practice and not to allow Kim's religious practice.

That Kim and other similarly situated individuals(neighbors) believe that the Bible is inspired words from God. That God's son Jesus is the word of God. That Jesus who was crucified now over 2000 years ago was resurrected and is alive today. Although to Kim's knowledge Jesus does not appear in corporeal form today. Yet it is promised that all in the world will see him coming in the clouds with glory. See e.g. Mark 13:26 KJV. Jesus, is also called the way the truth and the life. That no one comes to the father but by him. See John 14:6.

That Kim must speak and write as as the Holy spirit gives Kim to speak:

"[16] Behold, I send you forth as sheep in the midst of wolves: be ye therefore wise as serpents, and harmless as doves.

[17] But beware of men: for they will deliver you up to the councils, and they will scourge you in their synagogues;

[18] And ye shall be **brought before governors** and kings **for my sake**, for a testimony against them and the Gentiles.

[19] But **when they deliver you up, take no thought how or what ye shall speak: for it shall be given you in that same hour what ye shall speak**.

[20] For it is not ye that speak, but the **Spirit of your Father which speaketh in you.** "(emphasis added) Matthew 10 16-20

23.    That the prophets and Apostles of old did not have the U.S. Constitution and hundreds of years of case law and pre-constitution documents such as the Magna Carta, Declaration of Independence etc. to plead for religious liberty and for due process protections against "Governors". That Kim as a believer in the Christ must use these authorities to the best benefit of all. That similarly situated persons without the fortitude that Kim has are being beaten up and robbed by the tyrant, hypocrite Sisolak and his willing and unwilling confederates. That Kim is commanded to use his gifts to the best use possible for his neighbors that are no less damaged than the man in the story of the Good Samaritan (which most in America have heard of).

24. That Kim's religious practice requires Kim to attempt to resolve disputes without filing a formal complaint if possible and directly with the individual or entity.

## COUNT I

### Violation of the First Amendment to the U.S. Constitution

### (Free Exercise and Establishment)

25.    Plaintiff incorporates by reference all of the  paragraphs in this complaint into each other by this reference as though fully set forth herein.

26.    Plaintiff's sincerely held religious beliefs and practices  and religious establishment command, that faith without works is dead. That to believe yet not

practice is hypocrisy that the Bible is inspired words from God and is the testament to persons of conscience.

27. Plaintiff believes that part of the process of living by faith is to convince others that are of little or no faith that the narrow path is the right and true path. That when this high level monitoring has been and is being used  by the defendants to deprive Kim of exercise of his faith which must be done with acts.

28. That without the  above religious beliefs and practices not being acted upon Kim suffers irreparable harm and others are harmed.

29. That the deprivation is affecting Kim's ability and abilities to concentrate and to work efficiently at even basic legal tasks.

30. That Kim has had to as a result of the deprivations to put aside tasks that Kim otherwise would have been able to perform due to Kim's reduced performance.

31. That Kim has specifically been unable to move for the Las Vegas City Council and the Clark County Commission to have Michael Federico removed from his position as temporary judge respectively in these jurisdictions.

32. That Kim has a companion suit regarding Federico in this court Case # 2:21-cv-01262-JAD-EJY.

33. That this very deprivation of Kim being able to practice his established religion developed over decades by the defendants in and of itself is of damage to Kim's first amendment right and civil right under 42 U.S.C. sec. 1983.

34. That there is no rational basis for Kim to be denied his religious practice by the defendants while allowing so called mainstream religious practitioners to practice theirs. Kim's faith and practice does not exist on a timetable of Sunday mornings and various calendar dates. It exists just as the law and the prophets. See the two greatest commandments. See Matt. 22: 37-40  **[37]** Jesus said unto him, Thou shalt love the Lord thy God with all thy heart, and with all thy soul, and with all thy mind. **[38]**      This       is       the       first       and       great       commandment. **[39]** And the second is like unto it, Thou shalt love thy neighbour as thyself. **[40]** On these two commandments hang all the law and the prophets.

35. That  just like Jonah Kim is called to move by faith and must be free to do so and not be subject to any curfew or pre sentencing  punishment. This punishment does not in any way protect the public from any danger nor keep Kim to make all appearances in court.

## COUNT II

### 42 U.S.C. Sec 1983 – The Eighth Amendment Monell

### Cruel  and  Unusual  Punishment  Imposed  While  Plaintiff  is Remanded to CCDC For Competency Proceedings

36.  Plaintiff incorporates by reference all of the  paragraphs in this complaint into each other by this reference as though fully set forth herein.

37. That Kim  was remanded to CCDC on Jan. 3, 2020 under the pretext of a

Competency review by two health care professionals that were to come to the jail. And that this was while criminal proceedings were suspended.

383. That Lombardo had no procedure whereby Kim or other inmates would be prohibited from punishment. That Kim repeatedly demanded that the defendants comply with Burnside v Whitley and not subject Kim to punishment.

39. That despite Kim's filings with the Federal District Court and various grievances Kim was punished for complaining about CCDC staff on or about On or about January 6, 2020 through January 20, 2020 at the NVC satellite plant of CCDC. That Kim in fact was punished and sent to solitary confinement as well as being denied the right to order reading glasses from the store as punishment.

40. That Kim was further punished by having all of Kim's writing implements taken from him while in solitary confinement.    had and has the right to legal mailing out and to receive legal mail . That the denial of Kim being able to send legal mail from CCDC resulted in a dismissal of Kim's appeal to the Ninth Circuit Court of Appeals.

41. That Kim made repeated grievances to complain of this treatment in violation of Kim's rights to no avail. Kim asked for some part of CCDC that did not subject Kim to punishment and Kim was treated with deliberate indifference.

42. That on January 24, 2020 Kim was orally ordered committed to joint custody of sheriff Lombardo and/or the Division of Public and Behavioral Health

("DPBH") to be examined. That this written order was filed on January 29, 2020. Yet Kim was still punished by the defendants repeatedly through April 5, 2020.

43. That Lombardo and LVMPD knowingly or with gross negligence and in deliberate indifference to the rights of individuals guaranteed under the Constitution maintains formal or de facto policies which fail to restrain CCDC and LVMPD employees from punishing individuals under a commitment order.

44. That Lombardo and LVMPD  knowingly or with gross negligence and in deliberate indifference to the rights of individuals guaranteed under the Constitution maintains formal or de facto policies fails to provide within CCDC a section where the same non punishment protocols and policies of DBPH are maintained.

45. That Kim was punished repeatedly by LVMPD and defendants during his remand and commitment from Jan 3, 2020 through April 5, 2020.

46. As a direct result of the punishment of Kim all persons are harmed when their Eighth amendment rights are unlawfully denied and this policy is duplicated with all other committees.

47. That as a direct result of the lawless behavior Kim suffered distress that has directly caused Kim  and causes Kim distress to this day and Kim's great concern and distress that Kim will again be wrongfully punished again by the defendants.

48. That just hours before the writing of this very sentence Kim received this text

on Kim's android phone at 4:52 a.m. "You have left an inclusion zone. Please return to your zone immediately". That in fact Kim was asleep in his very bed at this time  in the very house address that the LVMPD house arrest office has for Kim's approved address. That Kim received this same type of message under similar circumstances on March 22, 2022 at 1:02am and 3:47 a.m when Kim was also in bed asleep at that time (or possibly using the toilet about 12 feet away due to Kim's prostate problems  requiring Kim to get up to pee a few times every nigh).

    That Kim's  House arrest officer of LVMPD officer Barba called Kim at 3;49 a.m. and asked Kim what Kim was doing on the street North of Kim's bed (Linden) and Kim explained to Barba that Kim was in bed.

49. That Kim therefore has great fear and distress that the defendants will again subject Kim to further punishment and violation of Kim's rights.

50. That this very distressing and continuing course of conduct that Kim has experienced over decades by the various sheriffs and person described above just keeps repeating over and over again.

51. That because Kim is on high level punishment monitoring again as of  March 9,  2022 and these texts that state that Kim was in violation of inclusion zone Kim is suffering greatly under extreme distress and is being damaged with this distress minute by minute that LVMPD will at any time come to the door and again take Kim to the concrete floors of CCDC to sleep and eat meals and have no toothbrush

and be subject to violations of civil and constitutional rights.

## COUNT III

**Retaliation Claim in Violation of the first Amendment to the U.S Constitution**

52. Plaintiff incorporates by reference all of the  paragraphs in this complaint into each other by this reference as though fully set forth herein.

53. That for all of the violations of Kim's rights as listed above Kim was retaliated against for exercising his right to free speech and his religious rights.

54. That defendants Lombardo and LVMPD  knowingly or with gross negligence and in deliberate indifference to the rights of individuals guaranteed under the Constitution maintains formal or de facto policies fails to provide training and policies that would prevent various employees from retaliating against Kim for exercising his right to free speech and to exercise his religion.

55. That both in the January 2020 incident and the April 2020 incidents Kim spoke to irrational behavior on the part of various officers and/ or nurses and Kim was specifically put in solitary confinement on the January 2020 incident and on the April 2020 event Kim was locked down to his cell after merely telling a nurse that she was impatient and rude in accord with Kim's free speech and religious practice. That Kim was locked down for 48 hours while still under a commitment

order and punishment is specifically prohibited pursuant to well established case law.

56. That it is well established where criminal proceedings are suspended due to a commitment for competency review. There is to be no punishment whatsoever.

## COUNT IV

### Violation of Civil Rights Monell-LVMPD and Lombardo

57.   Plaintiff incorporates by reference all of the  paragraphs in this complaint into each other by this reference as though fully set forth herein.

58. That from the May 21, 2019 arrest and violation of rights through this very date April 4, 2022 all of the aforementioned acts done in violation of Kim's rights is a continuing course of conduct where defendants LVMPD and Lombardo knowingly or with gross negligence and in deliberate indifference to said rights that fails to restrain its officers.

59. That this continuing course of conduct creates a real and present danger to Kim and distress to Kim. That Kim is distressed on a constant basis that because of the above, Kim without just cause will be returned without any due process to the physical plant of CCDC without prior review by a judge.

60. That Kim has been so treated on four previous occasions before

61. That the form entitled "CLARK COUNTY DETENTION CENTER EMP

HIGH AND OR HOUSE ARREST INMATE CONTRACT' states;" I understand that being placed on the House Arrest Program by the Courts, I must abide by the rules and policies as if I were a sentenced inmate of Clark County. I realize and agree that refusal to comply with those rules and policieswill result in my incarceration at the Clerk County Detention Center until such time as I am seen by my Judge. Further, I am aware thet the House Arrest staff will forward a letter to my Judge detailing the reason for my removal from the House Arrest Program."

62. That at no time was Kim given a copy of the aforementioned rules and policies to review and to keep and when Kim asked Sgt. Campbell at CCDC on or about June of 2019 to have a copy of the same. Kim was told to leave CCDC or Kim would immediately be retuned to a cell or module in the CCDC physical plant.

63. That therefore Kim has no real idea exactly what Kim can and cannot do at home or when Kim is "out and about" doing chores.

49. That Kim does know that as a sentenced inmate of Clark County one must not have one's shirt tucked. That this would mean that Kim could be returned to CCDC if Kim were caught with his shirt tucked in.

64. This refusal to allow Kim to have and be able to review these rules and policies creates a perpetual and consistent distress that is the proximate cause of LVMPD and Lombardo failure to train its officers and employees to provide these rules and policies.

65. That this constant distress coupled with the aforementioned apparent failure of the GPS locator that puts Kim outside the house when Kim is actually inside the house magnifies this distress a thousand fold

66. That Kim has been damaged by all of the above that Kim's ability to concentrate and focus on his criminal proceedings which are still ongoing with a motion for new trial and the appeal of the verdict which Nevada Law allows per ***Witter v State***   452 P. 3d 406 (Nev. 2019) and said damage continues and magnifies.

67. that also due to this perpetual distress Kim has been unable to concentrate sufficiently to file this very complaint until now That Kim has repeatedly tried to complete this complaint since May of 2021 yet due to the continuing distress and increased work Kim has been unable to complete this complaint until now.

## COUNT V

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## COUNT VI

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

## COUNT VII

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

**COUNT VIII through X**

RESERVED FOR AMENDED COMPLAINT IF NECESSARY

**URGENT  REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   To Declare that Kim has a right to be  an established religious entity and is entitled to protection under the first amendment to the U.S. Constitution and as such has rights to free exercise of religion and cannot be punished for or retaliated against for free exercise of religion. And enter an immediate judgment as such.

b.  To declare that the Defendants have  and are  attempting to chill Kim and consequently others rights to petition for redress of grievances to free exercise of religion and to establish themselves as individuals as an establishment of religion under the first amendment to the U.S. And to enter an immediate judgment as such.

c.  Award Plaintiff Kim any court Costs and if Counsel is obtained  for Plaintiff to be awarded court costs and reasonable attorney's fees; and

d.  To refer this matter to the Department of Justice for investigations of possible violations of 18 U.S.C. 241 and 242 and for possible action under 18 U.S.C.

Sec 3771.

e. That additionally this Court appoint a special master to assure that the Defendants comply with the Court's order.

f. That this court invite amicus curiae participation in this case so that the issues can be fully developed.

g. Award general or compensatory damages according to proof that Kim lost that would go toward Kim's religious establishment that Kim was now deprived of for these over two years because Kim has been unable to anything but virtually eat sleep and do legal work, the proximate cause of the Defendant's actions..

h. Award punitive damages in the ratio of 6 to 1 in accord with proof and current case law.

i. Award such other and further relief as to which the Plaintiff may be entitled that is extremely speedy and complete and where full justice is executed.

j. To permanently enjoin the defendants from retaliating against Kim for exercising any first amendment rights

DATED this 4th day of April, 2022.

KIM BLANDINO PECULIAR PRO SE #363075
CCDC In Custody House Arrest Module
C/O 441 N 16th St and
330 S Casino Center Blvd.
Las Vegas, Nevada 89101
(702) 219-5657

No Fax
Kim43792@earthlink.net

## ASSEVERATION VERIFYING COMPLAINT AND IN SUPPORT

I Kim Blandino state under penalty of perjury that I am over 66 years of age (outside the womb) and have read the foregoing complaint and the same is true and correct except as to those matters of belief and belief and as to those matters Kim believes them to be true. And that:

1. That this court must take judicial notice of all of the above facts, law and biblical authorities and other authorities, by this verified request.

2. That Kim brought this action to the court as soon as Kim could possibly prepare, complete and deliver this filing to this court.

3. That Kim requests that this court forgive any spelling or grammar errors that Kim may have made due to this urgent situation.

4. That Kim has gathered, prepared and written here to the best of Kim's ability to do as the Holy Spirit has directed Kim to do. Not knowing the immediate nor long-term direct or collateral consequences of this filing. Kim hopes that the persons described herein as doing wicked acts will repent of this wickedness and seek humbly the will of the Creator.

5. That Kim urgently seeks the relief he requests and is distressed over the

effect that failure to get relief will have on Evelyn Pendergraft who is 96 years old and of failing health and depends on Kim for spiritual companionship that is uninterrupted.

DATED this 4th day of April, 2021

_____
Kim Blandino#363075