UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIM BLANDINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00562-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Stay Discovery (ECF No. 66). This is Plaintiff's third attempt to stay discovery since the Court entered its Order granting Defendant's Motion to Dismiss with the exception of Plaintiff's First Amendment Retaliation claim. ECF No. 55.

Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, Case No. 2:12-cv-01859-LDG-NJK, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, at \*5 (D. Nev. Sept. 5, 2012)). Plaintiff has not met his burden.

The Court took a preliminary peek at Plaintiff's now pending Motion for Summary Judgment. ECF No. 65. The Court finds Plaintiff's argument regarding Defendant's affirmative defense is misplaced. A defendant may prevail in its defense against a First Amendment Retaliation claim by showing there is no question of fact as to whether the defendant would have taken the same action in the absence of the speech. *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1292 (11th Cir. 2000) (internal citation omitted); *Balcom v. City of Pittsburg*, Case No. 2:19-cv-506, 2023 WL

4236202, at *1 (W.D. Penn. June 28, 2023) *citing*, in part, *Nicholas v. Penn. State University*, 227 F.3d 133, 145 (3d Cir. 2000) ("an employee may not recover in a dual-motives case if the employer shows that it would have taken the same action even absent the protected speech" and "[w]here the defendant establishes its affirmative defense under *Mount Healthy* [*City School District Board of Education v. Doyle*, 429 U.S. 274 (1977)] in a First Amendment Retaliation case, the defendant is entitled to judgment even though the protected speech was a substantial or motivating factor in the adverse state action") (additional citations and internal quote marks omitted).

Based on the foregoing, the Court finds Plaintiff's Motion for Summary Judgment is not likely to succeed and, therefore, Plaintiff does not meet the heavy burden required to prompt a stay of discovery.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 66) is DENIED.

Dated this 10th day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE