Kim Blandino#363075 Peculiar Pro Se
C/O 441 N 16TH ST.
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

## US DISTRICT COURT NEVADA
## DISTRICT OF NEVADA

KIM BLANDINO

                                Case No. 2:22-CV-0562-GMN-EJY

                   Plaintiff,

-vs

Las Vegas Metropolitan Police Department ;
ET AL.

                   Defendants.

_____/

## URGENT MOTION FOR SANCTIONS FOR FRAUD UPON THE COURT

Comes now    Plaintff Kim Blandino ("Kim") to file    this **URGENT MOTION FOR SANCTIONS FOR FRAUD UPON THE COURT** .

This motion is made pursuant to the FRCvP and specifically Rule 11 and the local rules and. This motion is based on all of the papers and pleadings on file herein and the exhibits attached.

On May 24, 2024 the defendants LVMPD through their attorneys Lyssa Anderson

and Ryan Daniels filed a **LVMPD'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT [ECF No. 65]** which is ECF 69. Kim received this filing in the mail May 29, 2024.

## FACTS AND ARGUMENT

In the opposition ECF 69 there are two clear instances of fraud upon the court.

Rule 11 mandates that a motion for sanctions not be filed or presented to the court until after 21 days after service.

Exhibit D "Daniels declaration" of the opposition ECF 69 which is signed under penalty of perjury. Attorney Daniels knowingly and willingly commits perjury in this declaration.

Specifically, paragraph 4 where attorney Daniels (Hereinafter "Ryan") writes

" 4. LVMPD has not had the opportunity to scrutinize this evidence through written discovery or deposition."

This must not be called anything other than perjury. Kim has been in ever present telephone contact with Ryan Daniels from the beginning of this case. This has made it possible for stipulations to be agreed to and prepared quickly and for unopposed motions to be made to spare scarce judicial resources of the court and resources of the parties. Kim at all times has sought to keep costs and attorney's fees as low as possible. Kim in fact had to act as a private investigator to discover who could waive formal service of process for LVMPD in conformity with Rule

2

4(d).Kim has repeatedly asked for defendants to settle this case quickly.

The court can take note that there have been stipulations in this case as well as unopposed motions. Moreover, Kim did not oppose stay of discovery when LVMPD filed a potentially dispositive motion to dismiss early in the case. Kim therefore has clean hands (to uses the term in equity). Now LVMPD and its attorneys have gone a step further from unclean hands to **fraud upon the court**.

Kim continually keeps his cell phone on 24 hours per day 7 days a week (including Sabbath just in case a "sheep falls in a well" or other emergency arises See Matt. 12:11). The defendants and their attorneys were served with the motion for summary... on May 7, 2024. Kim received no call or email saying that they wished to scrutinize Kim's contemporaneously made documents during his CCDC stay in April 2020. Had they contacted Kim, Kim would have appeared at anytime any where to show the documents and/ or do a deposition. In fact, Kim chose the very earliest date Kim was offered by Ryan in a choice of four potential dates. That being June 20, 2024.

So, for Ryan to say "LVMPD has not had the opportunity to scrutinize this evidence through written discovery or deposition." Has committed perjury.

Visualize a firefighter on a high rise building where a jumper is about to jump and the firefighter is taking a drink of water and the jumper says from outside the window I am going to jump in five  seconds, with the firefighter just two seconds

3

away inside the window and the firefighter says "let me finish my water first" and the firefighter finishes his water and gets to the jumper position in six seconds after he jumps taking 5 seconds to finish his water. The firefighter tells his supervisors "I did not have an opportunity to get to the jumper". If he did so under penalty of perjury this would be perjury! Ryan refused to take an opportunity!

Kim would have even agreed to an extension of time to allow LVMPD and Ryan to file an opposition to the motion for summary judgment until they could depose Kim.

This court must not allow any excuses by LVMPD and the attorneys this is perjury. LVMPD and the attorneys saw the motion for summary….. on May 7  and filed their opposition on May 24. This alone was 17 days to advance the scheduled June 20 deposition, had they wished. And Kim as stated above would have stipulated to an extension of time, yet Kim was **never** asked. So, in fact there were multiple and even unlimited **opportunitie**s to discover and/or depose Kim before filing their opposition ECF 69.

There is a second fraud upon the court by LVMPD and their attorneys. In trying to defeat Kim's motion for summary judgment In the opposition ECF 69 it is stated:

> "In addition to all of the above, it is **nearly impossible** that Blandino was **locked down** for 48 hours starting on April 3, 2022 because on April 4, 2022 at 9:51 a.m., he received a visitor. See Ex. C, Visit History Inmate (LVMPD 402)." Page 6 lines 15-17 (emphasis added)

4

[it must be noted that LVMPD places dates at 2022 when they are 2020]

Kim knew immediately this could not be true that Kim had an outside visitor. As soon as Kim received this opposition Kim looked at the name Rachelle Bruner on the website "Transparent Nevada" and it shows that Rachelle Bruner is a LVMPD employee from at least 2019 through 2022. See Exhibit 1 attached. Later Kim confirmed that Rachelle Bruner works in the House arrest division of LVMPD and is not and was not an outside visitor and has been with LVMPD from 2019-2022 at least!

Both LVMPD and their attorneys knew this was not an outside visitor and in fact because Kim was ordered to a house arrest module of CCDC Kim knew when judge Bell ordered Kim to house arrest within CCDC Kim, knew from experience that an interview needed to take place before Kim was placed within an electronic.

It cannot be overemphasized that this fraud upon the court is intended to aid in defeating Kim's motion for summary judgment or in the alternative for partial summary judgment.

Kim cannot let this fraud go without opposing. Kim is required to love his neighbor as himself. This requirement does not require Kim to know this "neighbor". Plaintiffs that face LVMPD and these attorneys in the future must be protected having fraud perpetrating upon them and the  court again. The only way to do this is through very serious sanctions that deter this fraud in the future.

Fraud upon the court is very seriously analyzed in *Passlogix, Inc. v. 2FA Technology, LLC*, 708 F. Supp. 2d 378, 25-29 (S.D.N.Y. 2010):

> A fraud on the court occurs where it is established by clear and convincing evidence "that a party has **sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense.**" *McMunn v. Mem'l Sloan — Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)); see also *Hargrove v. Riley*, No. 04 Civ. 4587, 2007 U.S. Dist. LEXIS 6899, at *36 (E.D.N.Y. Jan. 31, 2007); *Shangold v. Walt Disney Co.*, No. 03 Civ. 9522, 2006 WL 71672, at *4 (S.D.N.Y. Jan. 12, 2006); *Intelli-Check, Inc. v. Tricom Card Techs., Inc.*, No. 03 Civ. 3706, 2005 WL 3533153, at *11 (E.D.N.Y. Dec. 22, 2005); *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 439 (S.D.N.Y. 2002). The **essence of fraud on the court is "when a party lies to the court and his adversary intentionally**, repeatedly, and about issues that are central to the truth-finding process." *McMunn*, 191 F. Supp. 2d at 445. Fraud on the court, therefore, does not merely "embrace any conduct of an adverse party of which the court disapproves;" rather, it "embrace[s] only that species of fraud which does or attempts to, defile the court itself." *Kupferman v. Consol. Research Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (Friendly, C.J.) (citation and internal quotation marks omitted) (discussing fraud on the court in the context of a Rule 60(b) motion). Consequently, "an isolated instance of perjury, standing along, will not constitute a fraud upon the court." *McMunn*, 191 F. Supp. 2d at 445; see also *Jung v. Neschis*, No. 01 Civ. 6993, 2009 WL 762835, at *21 (S.D.N.Y. Mar. 23, 2009); *Skywark v. Isaacson*, No. 96 Civ. 2815, 1999 WL 1489038, at *14 (S.D.N.Y. Oct. 14, 1999). "Rather, fraud upon the court `occurs where a party has **acted knowingly in an attempt to hinder the fact finder's fair adjudication** of the case and his adversary's defense of the action.'" *McMunn*, 191 F. Supp. 2d at 445 (quoting *Skywark*, 1999 WL 1489038, at *14).
>
> The Court has inherent authority "to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.ct.

2123, 115 L. Ed. 2d 27 (1991);see also *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580, 66 S.ct. 1176, 90 L. Ed. 1447 (1946). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44. The Court's inherent powers serve "to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants." *Shangold*, 2006 WL 71672, at *4.

If it is shown by clear and convincing evidence that a party perpetrated a fraud on the Court, the Court may consider the following five factors in determining an appropriate sanction: (i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future. See *Shangold*, 2006 WL 71672, at *4; *Intelli-Check,* 2005 WL 3533153, at *11;Scholastic, 221 F. Supp. 2d at 444; *McMunn,* 191 F. Supp. 2d at 461. When faced with a fraud on the court, "[t]he available sanctions at a court's disposal . . . range from the issuance of a jury charge on falsehoods under oath, to the imposition of attorney's fees occasioned by the conduct in question, and finally to the entry of judgment against the offending party." *Skywark,* 1999 WL 1489038, at *14 (internal citations omitted). *Passlogix, Inc. v. 2FA Technology, LLC,* 708 F. Supp. 2d 378, 25-29 (S.D.N.Y. 2010)

So, this is not a single or isolated incidence of perjury, See *McMunn* above.

This is perjury and submitting false evidence and erasing record of the discipline against Kim LVMPD has sentiently set in motion a scheme to mislead the court that Kim had an outside visitor and therefore Kim could not be on a lockdown. This is fraud upon the court. These are two incidents within a single filing. Under the five factors listed above Kim believes that this warrants entry of judgment for Kim. Because if the court accepted these two frauds as true the court could have dismissed this case entirely finding that because Kim had a visitor he could not

have been on a 48 hour lockdown because the fraudulent evidence shows it would be "nearly impossible".

In *Skywark* that court stated that one of the courts available sanctions is "entry of judgment against the offending party" *Skywark* 1999 WL 1489038, at *14.

This court in the Bundy case in fact dismissed the criminal charges and said:

> "The government's conduct in this case was indeed outrageous,"
> "There has been flagrant misconduct, substantial prejudice and no lesser remedy is sufficient."

Kim believes that LVMPD's and the attorney's conduct is outrageous and is flagrant misconduct and there is substantial prejudice to Kim.

## PREJUDICE

This court in *Hester v. Vision Airlines, Inc*., Case No.: 2:09-cv-00117-RLH-RJJ (D. Nev. Nov. 3, 2010) struck the Answer of the defendants and granted a default judgment. In *Hester* this court determining that lesser sanctions would not be effective said:

> "One particular reason that this would be ineffective is that Vision **did not act to preserve documents when this litigation began**." *Hester v. Vision Airlines, Inc*., Case No.: 2:09-cv-00117-RLH-RJJ, at *9 (D. Nev. Nov. 3, 2010) (emphasis added)

The same thing exists here in this case, LVMPD and their attorneys admit that the incident reports do not show this lockdown.

8

As to an adverse inference instruction the Hester court stated:

> A jury would not be able to determine, nor would the class be able to show, **what documents have been withheld or spoliated** or **what type of information such non-produced documents might contain**. Any jury instruction that the Court can conceive would be too broad and amorphous to be actually effective in helping the jury deliberate. Therefore, the Court concludes that the only viable sanction is striking Vision's answer and entering a default against it.
>
> **Vision has failed to show cause why it should not be sanctioned for its misconduct by having its Answer (#47) stricken and a default entered against it. Vision's conduct is inexcusable and Vision has no reason persuading this Court otherwise.** Therefore, the Court strikes Vision's Answer and enters a default against it
>
> *Hester v. Vision Airlines, Inc.*, Case No.: 2:09-cv-00117-RLH-RJJ, at *11 (D. Nev. Nov. 3, 2010) (emphasis added)

Kim cannot trust LVMPD and their attorneys as far as Kim could "throw them". Kim now is prejudiced to the point that if Kim has to go through the discovery process, Kim cannot trust in the least any discovery Kim were to receive from LVMPD and their attorneys. Kim would have the reasonable belief that information Kim requested would be withheld or further fraudulent discovery would be given to Kim or even complete spoilation of evidence. Surely, this is what the court considered in the Bundy case no lesser remedy would be sufficient. The Bundy defendants would always believe that the prosecutors were holding something back had the court not dismissed the case. And this is what the Hester court determined as well.

LVMPD and their attorneys admit that they do not have record of the 48 hour lockdown and yet Kim knows that he was on the 48 hour lockdown by the C/O. Kim has submitted contemporaneous notes as to what happened and when it happened.

Therefore, there has already been spoilation of evidence in fact and in truth. This also warrants sanctions coupled with the above. If Kim cannot get sanction Kim believes that this is abuse of process that warrants supplementing complaint. Only recently has Kim discovered that LVMPD has hidden the fact of this 48 hour lockdown

Therefore, Kim believes that judgment should be entered in Kim's favor no lesser remedy would be sufficient just as in the Bundy case.

### THE ELEPHANT IN THE ROOM IS THAT LVMPD AND THEIR ATTORNEYS DID NOT BRING FORWARD THE GUARD OR THE NURSE TO COUNTER KIM'S EVIDENCE OF THE LOCKDOWN BY WAY OF AFFIDAVIT OR OTHERWISE

Kim has every reason to believe that LVMPD and their attorneys have interviewed the guard and/or nurse and they could not deny which Kim has stated in the complaint and motion for sanctions under penalty of perjury. This court has every reason to believe that Kim is being truthful and LVMPD is not. In *Hester* this court said about the defendant Vision:

10

In order for Vision's conduct to justify striking its pleadings, Vision's conduct must be the result of **willfulness, bad faith, or fault**. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). "[D]isobedient conduct [within] the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault." *Henry v. Gill Inds.*, 983 F.2d 943, 948 (9th Cir. 1993) (internal quotations omitted); *see also Jorgensen*, 320 F.3d at 912

Here, Vision has **intentionally delayed production of documents**, misrepresented its current and past production to both the Court and the Class, and **otherwise engaged in bad faith conduct**. Since the Court has determined that Vision has acted wilfully and in bad faith, the Court will now address the *Anheuser-Busch* factors to determine whether striking Vision's Answer (#47) is appropriate. *Hester v. Vision Airlines, Inc.*, Case No.: 2:09-cv-00117-RLH-RJJ, at *8 (D. Nev. Nov. 3, 2010)

The conduct here is much worse than that of defendant *Hester*. LVMPD and their attorneys have committed fraud upon the court as shown above. Hester was only reversed by the Ninth Circuit on a punitive damages issue. See *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162 (9th Cir. 2012). And in that case the Ninth Circuit said this:

> "As a final note, based on the record before us, **Harold Gewerter appears to have committed numerous ethical violations**. We recommend that the district court, in the exercise of its discretion, **report Mr. Gewerter to the state bar** to determine whether disbarment or some other sanction is merited." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1173 (9th Cir. 2012)

Exhibit 2 is the Nevada State Bar record for Harold Gewerter who is currently suspended for 4 years from 2021 and 3 other disciplinary actions.

Because the Ninth Circuit in the Hester case recommended a report of Gewerter. Kim believes that this court should also report Mr. Daniels and Ms. Andersson also to the State Bar for their ethical violations.

## CONCLUSION

Kim firmly believes that lesser sanctions than striking the Answer and default judgment or striking the answer and summary judgment for Kim will not be sufficient. LVMPD and their attorneys must, must be deterred from doing this again to someone else.

Kim has not only been given a 48 hour lockdown while Kim was an incompetent detainee (which status LVMPD and their attorneys have not denied). Now they seek to revictimize Kim through this fraud upon the court and to inflict intentional emotion distress by "gaslighting" Kim and the court and abusing process.

For the above reasons Kim requests that sanctions be issued. That the court issue the sanction of a default judgment striking the Answer or complete summary judgment in Kim's favor in the alternative to have a hearing to see what sanctions are warranted. In the alternative to grant such other relief or combination of relief as is proper and just.


DATED June 3, 2024

_____

Kim Blandino#363075 Peculiar Pro Se
C/O 441 N 16TH ST.
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

## ASSEVERATION IN SUPPORT OF MOTION

I Kim Blandino state under penalty of perjury that he is over 68 years of age (outside the womb) and have read the foregoing and the same is true and correct except as to those matters of belief and belief and as to those matters Kim believes them to be true. And that:

1.  Kim asks that this court excuse any spelling and grammar errors.

2.  That any all exhibits are true and correct copies of the originals and are in fact authentic under FRE 901 AND NRS 52.015.

3.  That this filing is not made to vex, harass, delay nor for any improper purpose.

I hereby certify under penalty of perjury that I have read the foregoing and the same is true and correct

DATED this 3rd day of June, 2024.

KIM BLANDINO PRO SE #363075
C/O 441 N 16TH ST
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY certify that service of the foregoing was accomplished by sending the copy of the original via email on June 3, 2024 to:

LYSSA S ANDERSON
Nevada Bar No. 5781
RYAN W DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
rdaniels@kcnvlaw.com

KIM BLANDINO PRO SE #363075
C/O 441 N 16TH ST
Las Vegas, Nevada 89101
(702) 219-5657
No Fax
Kim43792@earthlink.net

# EXHIBIT 1



Report Ad

Stay updated by joining our mailing list! | Interested in making your own Records Requests?

Report
Ad

Home / Special Districts / 2019 / Las Vegas Metro Police Department

# 'rachelle bruner' search results

*Search within these records:*

rachelle bruner    | 2019 ⌄ |    Search

| Name | Job title | Regular pay | Overtime pay | Other pay | Total pay | Total benefits | Total pay & benefits |
|------|-----------|-------------|--------------|-----------|-----------|----------------|----------------------|
| Rachelle Bruner | LAW ENF SUPPORT TECH<br>Las Vegas Metro Police Department, 2019 | $64,198.38 | $14,845.22 | $2,468.99 | $81,512.59 | $28,458.13 | $109,970.72 |



Report Ad

Stay updated by joining our mailing list! | Interested in making your own Records Requests?

Report Ad

Home / Special Districts / 2020 / Las Vegas Metro Police Department

# 'rachelle bruner' search results

*Search within these records:*

rachelle bruner     2020  ✔     Search

| Name | Job title | Regular pay | Overtime pay | Other pay | Total pay | Total benefits | Total pay & benefits |
|------|-----------|-------------|--------------|-----------|-----------|----------------|----------------------|
| Rachelle Bruner | LAW ENF SUPPORT TECH<br>Las Vegas Metro Police Department, 2020 | $61,577.09 | $5,887.79 | $6,781.69 | $74,246.57 | $31,379.46 | $105,626.03 |



Stay updated by joining our mailing list! | Interested in making your own Records Requests?

Home / Special Districts / 2021 / Las Vegas Metro Police Department          Report Ad

# 'rachelle bruner' search results

*Search within these records:*

rachelle bruner | 2021 ∨ | Search

| Name | Job title | Regular pay | Overtime pay | Other pay | Total pay | Total benefits | Total pay & benefits |
|------|-----------|-------------|--------------|-----------|-----------|----------------|----------------------|
| Bruner Rachelle | LAW ENF SUPPORT TECH Las Vegas Metro Police Department, 2021 | $60,882.57 | $3,608.33 | $18,653.73 | $83,144.63 | $30,645.36 | $113,789.99 |



Stay updated by joining our mailing list! | Interested in making your own Records Requests?

Home / Salaries / 2022

Report Ad

# `rachelle bruner` search results

*Search within these records:*

rachelle bruner     2022  ⌄     Search

| Name | Job title | Regular pay | Overtime pay | Other pay | Total pay | Total benefits | Total pay & benefits |
|------|-----------|-------------|--------------|-----------|-----------|----------------|----------------------|
| Bruner Rachelle | LAW ENF SUPPORT TECH Las Vegas Metro Police Department, 2022 | $62,607.17 | $19,403.08 | $7,540.18 | $89,550.43 | $31,507.98 | $121,058.41 |

# EXHIBIT 2

**Member Benefits (https://nvbar.org/for-lawyers/resources/business-partners/)**

Click Here (https://nvbar.org/for-lawyers/resources/business-partners/)



_(/)_

Find a colleague...🔍    Search this site... 🔍    
menu

# Find a Lawyer

For the Public (https://nvbar.org/for-the-public/) | Find a Lawyer

| Search Attorneys... (eg. last name, bar #, company or city) | Search |
| --- | --- |

## Gewerter, Harold Phillip

**Bar # :** 499
**Member since:** 9/25/1979
**Status:** ATTORNEY Suspended

6465 Edna Ave, Las Vegas, NV 89146

**Phone :** (702) 375-9471

**Fax :** (702) 382-1759

## Disciplinary Actions:

1. Supreme Court Order of Suspension - Four years concurrent with Docket No. 81540
   **Effective Date:** 04/23/21
   **Case Number:** 81517
   [ View Document ] (https://nvbar.org/wp-content/uploads/Harold-Gewerter-Order-of-Suspension-SC-Nos.-81540-81817.pdf)

2. Supreme Court Order of Suspension - 1 year
   **Filed:** 10/26/2020
   **Case No.:** 80198
   [ View Document ] (https://www.nvbar.org/wp-content/uploads/SC-Order-Harold-P.-Gewerter.pdf)

3. Letter of Reprimand
   **Effective Date:** 4/06/2020
   **Case No.:** OBC19-1044
   [ View Document ] (https://www.nvbar.org/wp-content/uploads/2020.04.06-LOR-gewerter.pdf)

4. Supreme Court Order Approving Conditional Guilty Plea Agreement
   **Effective Date:** 01/04/18
   **Case No.:** 73529
   [ View Document ] (https://www.nvbar.org/wp-content/uploads/Pages-from-01-05-18-Ntc-to-Crts-Gewerter.pdf)

### Don't know where to find an attorney?

## LAWYER REFERRAL SERVICE
### STATE BAR OF NEVADA

**(https://www.nvbar.org/lawyerreferral/lrs/)**

## CONTACT US

3100 West Charleston Blvd., Suite 100
   Las Vegas, NV 89102
702.382.2200
9456 Double R Blvd, Suite B
   Reno, NV 89521
775.329.4100

(https://www.facebook.com/statebarofnevada/) (https://twitter.com/nevadabar) (https://www.linkedin.com/company/state-bar-of-nevada)



## ABOUT US

The State Bar of Nevada is a public corporation that operates under the supervision of the Nevada Supreme Court. The state bar regulates attorneys in Nevada and provides education and development programs for the legal profession and the public.

Privacy Policy (https://nvbar.org/about-us/privacy-policy/)

## RESOURCES

Access To Justice Commission (https://nvbar.org/access-to-justice/atj/)

Annual Reports (https://nvbar.org/about-us/governing-documents/annual-reports/)

Find a Lawyer (https://nvbar.org/for-the-public/find-a-lawyer/)

Terms of Service (https://nvbar.org/about-us/terms-of-service/)

Law Related Education (https://nvbar.org/for-the-public/law-related-education/)

Lawyer Referral Service (https://nvbar.org/for-the-public/find-a-lawyer/lrs/)

Legal Information Brochures (https://nvbar.org/for-the-public/legal-information-brochures/)

Library of Forms (https://nvbar.org/for-lawyers/resources/library-of-forms/)

## MEMBER SERVICES

Access To Justice Commission (https://nvbar.org/access-to-justice/atj/)

Certificate of Good Standing and Statement of Discipline History (https://nvbar.org/licensing-compliance/membership-records/certificate-of-good-standing/)

SBN CLE Programs (https://nvbar.org/for-lawyers/resources/continuing-legal-education-and-publications/)

Ethics & Discipline (https://nvbar.org/for-lawyers/ethics-discipline/)

Employment Opportunities (https://nvbar.org/about-us/employment-opportunities/)

Lawyer Advertising (https://nvbar.org/for-lawyers/ethics-discipline/lawyer-advertising/)

© Copyrights © 2015 – 2024 State Bar of Nevada (https://nvbar.org/). All Rights Reserved. Web Design by D4 (https://www.d4am.com/)